# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAQUEL NICKEY, | : | Civil No. 1:20-CV-02206 |
| Plaintiff, | : | |
| v. | : | |
| UPMC PINNACLE d/b/a UPMC PINNACLE CARLISLE | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is the report and recommendation of Chief Magistrate Judge Karoline Mehalchick recommending that the motion for summary judgment filed by Defendant UPMC Pinnacle d/b/a UPMC Pinnacle Carlisle ("UPMC") be granted in part and denied in part. (Doc. 36.) UPMC timely filed objections to the report and recommendation, which Plaintiff Raquel Nickey ("Nickey") opposed. (Docs. 37, 38, 41, 42.) For the reasons that follow, the court will adopt the report and recommendation in part, and grant in part and deny in part UPMC's motion for summary judgment.

### STANDARD OF REVIEW

**A. Review of a Magistrate Judge's report and recommendation**

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

1

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

### B. Motion for summary judgment

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (citation omitted).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or

3

suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION[1]

### A. The court adopts Sections I, II(A), II(B), II(C), II(D), and II(E)(1) and (2) of the report and recommendation.

In Sections I, II(A), and II(B) of the report and recommendation, Judge Mehalchick details the factual allegations and procedural history of this case as well as the standard of review for a motion for summary judgment and ADA discrimination and retaliation. (Doc. 36, pp. 1–16.)[2] Next, in Section II(C), Judge

---

[1] Because the court is writing for the benefit of the parties, only the necessary information is included in this order. For a more fulsome discussion of the facts and issues in this case, the court refers to the report and recommendation. (Doc. 36.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

Mehalchick addresses Nickey's wrongful termination claim finding that Nickey did not present any evidence that would allow a jury to find that she was terminated from UPMC due to her work-related injury. (*Id.* at 16–24.) As to Nickey's failure to accommodate claim in Section II(D), Judge Mehalchick finds that there are fact issues as to whether UPMC made a good faith effort in assisting Nickey in seeking accommodations and whether Nickey could have been reasonably accommodated. (*Id.* at 24–29.) Regarding the retaliation claim, Judge Mehalchick opines in Section II(E) that Nickey provided sufficient facts that "call into question UPMC's interpretation and subsequent rejection of the required forms along with her desire to return to work." (*Id.* at 29–35.) Thus, Judge Mehalchick recommends granting UPMC's motion for summary judgment on Nickey's wrongful termination claim under the ADA and PHRA, but denying the motion as to the ADA and PHRA failure to accommodate and retaliation claims. (*Id.* at 35–36.)

UPMC sets forth two objections to Judge Mehalchick's conclusions regarding Nickey's failure to accommodate claim under the ADA and PHRA. First, UPMC argues that Judge Mehalchick erred in crediting Nickey's assertion that Dr. Wellmon completed the certification form for UPMC multiple times. (Doc. 38, pp. 12–14.) UPMC submits that there is only one completed form by Dr. Wellmon in the record and Nickey has not submitted any evidence to the contrary

other than her own testimony. (*Id.*) This, according to UPMC, is insufficient because "enough evidence must exist to win over a jury to reasonably find for the non-movant on the issue." (*Id.* at 14.)

Second, UPMC objects to the finding that a genuine issue of material fact exists regarding its good faith effort to assist Nickey in seeking an accommodation. (Doc. 38, pp. 14–16.) UPMC argues that the report and recommendation once again relied erroneously on the assertion that Nickey provided multiple forms to Tenna Snyder ("Snyder"), a UPMC employee, and they were rejected. (*Id.*) Rather, UPMC submits that Snyder attempted to obtain the required and completed forms for nearly three months, but Nickey never provided the forms. (*Id.*) Additionally, UPMC asserts that there is no genuine issue of fact, as found by Judge Mehalchick, as to whether Nickey could have been reasonably accommodated with a reduced work schedule. (*Id.* at 16.) This argument again relies on the fact that Nickey needed to provide a complete certification form before she could return to work. (*Id.*)

Nickey addresses these two objections together, arguing that her assertion that she submitted the form to Dr. Wellmon on several occasions is not a conclusory allegation as she is an eyewitness to those events. (Doc. 41, p. 8.) Further, she asserts that whether UPMC "inappropriately refused the documentation" is material to the resolution of whether UPMC failed to make a

good faith effort to reasonably accommodate. (*Id.*) Therefore, Nickey submits that this is an appropriate question for a jury, rather than summary judgment. (*Id.*)

    The court overrules UPMC's objections to the conclusions regarding Nickey's failure to accommodate claim under the ADA and PHRA. Judge Mehalchick found that Nickey's claim turns on whether UPMC refused to reasonably accommodate Nickey and details the requirements for an employer to engage in the interactive process. (*Id.* at 24–29.) The report notes that the parties "do not contest that UPMC was aware of Nickey's disability or that Nickey requested an accommodation for her disability," thus, turning to the question of whether UPMC made a good-faith effort to assist Nickey in seeking accommodations and whether Nickey could have been reasonably accommodated but for UPMC's lack of good faith. (*Id.* at 26–27.) Judge Mehalchick credits Nickey's contention that Dr. Wellmon filled out the required documentation multiple times and that Snyder rejected the forms. (*Id.* at 27–28.) The report's reliance on this testimony is the crux of UPMC's objections to the failure to accommodate claim. However, the court, viewing the facts in a light most favorable to Nickey, similarly credits Nickey's assertion that Dr. Wellmon filled out the forms and Snyder rejected them. Given this dispute of a material fact, the failure to accommodate claim is best suited for a jury's resolution.

Accordingly, conducting a de novo review of objected to portions of the failure to accommodate claim, and after giving "reasoned consideration" to the uncontested portions of the report and recommendation, the court finds that Judge Mehalchick's analysis is well-reasoned and fully supported by the record and applicable law. The court will adopt Sections I, II(A), II(B), II(C), II(D), and II(E)(1) and (2) of the report and recommendation in full.

### B. The court declines to adopt the recommendation in Section II(E)(3) of the report and recommendation.

Regarding Nickey's claim that her employment was terminated due to her disabilities and request for reasonable accommodation, Judge Mehalchick opines in Section II(E)(1) that Nickey established a prima facie case for retaliation. (Doc. 36, pp. 29–33.) In Section II(E)(2), Judge Mehalchick then turns to the next step of the burden-shifting framework and finds that UPMC offered a legitimate nondiscriminatory reason for terminating Nickey's employment. (*Id.* at 33.) The report refers to the same evidence presented in support of UPMC's request for summary judgment on Nickey's wrongful termination claim, specifically, that Nickey's statements regarding her inability to work were the reason for ending her employment. (*Id.* at 11–12, 33.) Judge Mehalchick finds that this met UPMC's "limited burden of 'articulation' by offering that Snyder made the decision to terminate Nickey because she believed Nickey was unable to work." (*Id.* at 33.) Finally, in Section II(E)(3), the report finds that Nickey demonstrated facts that

8

call into question UPMC's legitimate nondiscriminatory reason for termination and, thus, recommends that summary judgment be denied on that basis.  (*Id.* at 33–35.)

In its final objection, UPMC argues that Judge Mehalchick erred when she found that a genuine issue of material fact existed regarding whether Nickey suffered retaliatory termination.  (Doc. 38, pp. 16–20.)  UPMC asserts that the report's finding is inconsistent with the grant of summary judgment in UPMC's favor on Nickey's wrongful termination claim.  (*Id.*)  Specifically, UPMC states that there is no dispute that Nickey failed to provide Snyder with a completed certification form after her November 2018 doctor's visit.  (*Id.* at 17.)  Without this form, UPMC submits that Nickey could not return to work, "therefore, her termination was a *fait accompli*."  (*Id.*)  In opposition, Nickey argues that this objection again relies on the disputed material fact of the number of times Dr. Wellmon completed the medical certification form, whether it was sufficiently complete, and whether UPMC wrongfully refused to accept Nickey's forms.  (Doc. 41, pp. 8–9.)

The court sustains UPMC's objection to the finding that UPMC's legitimate nondiscriminatory reason for terminating Nickey's employment could be disbelieved.  In doing so, the court agrees with UPMC that it is inconsistent to find that failure to return the required medical certification form was a legitimate

9

nondiscriminatory reason for ending Nickey's employment as to her wrongful termination claim, but could be disbelieved as to Nickey's retaliation claim. Regardless of Nickey's testimony regarding Dr. Wellmon executing multiple forms to provide information on accommodating Nickey's disability, Snyder could not return Nickey to work based on UPMC's policy without the required medical certification form. Thus, Nickey did not present evidence that could cast doubt on UPMC's legitimate nondiscriminatory reason for terminating Nickey's employment and summary judgment will be entered in favor of UPMC on this claim.

## Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1) The report and recommendation, Doc. 36, is **ADOPTED IN PART**. Specifically, the court adopts Sections I, II(A), II(B), II(C), II(D), and II(E)(1) and (2).

2) The court **OVERRULES IN PART** and **SUSTAINS IN PART** UPMC's objections, Doc. 37, to the report and recommendation.

3) UPMC's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Specifically, summary judgment is granted in UPMC's favor as to Nickey's wrongful termination and retaliation claims under the ADA and PHRA, but denied as to Nickey's failure to accommodate claim under the ADA and PHRA.

4) A telephone conference is scheduled for **March 22, 2023, at 3:15 p.m.**  The parties shall call-in to the court's conference call number 877-336-1828, using access code 2529544.

                                      s/Jennifer P. Wilson  
                                      JENNIFER P. WILSON  
                                      United States District Court Judge  
                                      Middle District of Pennsylvania

Dated: March 8, 2023